IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE ROBINSON, # 153410, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv85-WHA |
| ) | [WO] |
| LEEPOSEY DANIELS, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a *pro se* petition filed by Steve Robinson ("Robinson"), a state inmate incarcerated at Staton Correctional Facility in Elmore, Alabama. Doc. 1. Robinson challenges the constitutionality of his life sentence imposed in August 2002 by the Circuit Court of Mobile County, Alabama following a conviction for two counts of robbery. Robinson argues that his sentence "violates equal protection of law, Cruel and Unusual Punishment, and Procedural and Substantive Due Process, whereas he has a sentence equal to life without the possibility of parole." Doc. 1 at 2.

## Discussion

A state prisoner seeking to challenge the validity and execution of his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Cook v. Baker*, 139 Fed. App'x 167, 168 (11th Cir. 2005); 28 U.S.C. § 2254(a); *see also, e.g., Cook v. New York St. Div. of Par.*, 321 F.3d 274, 278 (2d Cir. 2003). Thus, the court construes Robinson's petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254 even though Robinson does not explicitly invoke this statute is his petition. *See* Doc. 1.

An action under § 2254 may be filed in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d).  The instant court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id*.  Robinson challenges a sentence entered by the Circuit Court of Mobile County, Alabama.  Mobile County is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  This court concludes that the transfer of this case to the United States District Court for the Southern District of Alabama for hearing and determination is appropriate and serves the ends of justice.[1]

## Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **April 14, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District

---

[1] A decision on Robinson's application for *in forma pauperis* status (Doc. 2) is reserved for ruling by the United States District Court for the Southern District of Alabama.

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 31st day of March, 2016.

                                          /s/ Gray M. Borden
                                 UNITED STATES MAGISTRATE JUDGE